**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
PIKEVILLE DIVISION**

| | | |
|---|---|---|
| **M.L. JOHNSON FAMILY PROPERTIES, LLC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO.** |
| | ) | |
| **SALLY JEWELL,** | ) | |
| **Secretary of the Interior,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT AND PETITION FOR JUDICIAL REVIEW

M. L. Johnson Family Properties, LLC, ("Johnson LLC") brings this action against Sally Jewell, Secretary of the Interior ("the Secretary"), to obtain judicial review of the October 30, 2015, decision that Administrative Law Judge Harvey Sweitzer of the Office of Hearings and Appeals made on her behalf.[1]  Pursuant to 43 C.F.R. § 4.21(c), Judge Sweitzer's decision became a decision of the Secretary subject to immediate judicial review on January 15, 2016, when the Secretary's Interior Board of Land Appeals denied Johnson LLC's petition for a stay by failing to act on Johnson LLC's petition for a stay.

Johnson LLC is adversely affected by Judge Sweitzer's decision because it upholds the decision of the Office of Surface Mining Reclamation and Enforcement ("OSMRE") to terminate Cessation Order No. C14-081-538-001 ("the cessation order").  Since issuance of the cessation order on or about July 17, 2014, during a federal inspection that this Court ordered OSMRE to conduct, the cessation order has protected Johnson LLC from continuation of unlawful surface coal mining operations that Premier Elkhorn Coal Company ("Premier Elkhorn") proposes to

---

[1]     Johnson LLC attaches a copy of Judge Sweitzer's decision as Exhibit 1 to this complaint.

conduct on portions of land known as "Tract 46," in which Johnson LLC owns a majority of the undivided interest in the surface estate.

OSMRE terminated the cessation order based on the agency's conclusion that the Commonwealth of Kentucky, acting through its Energy and Environment Cabinet ("Kentucky"), had lawfully approved Minor Revision #3 to Premier Elkhorn's mining permit to authorize surface mining of Johnson LLC's land despite the requirement of either **unanimous surface owner consent** pursuant to 30 U.S.C. §1260(b)(6)(A) and its Kentucky regulatory counterpart, 405 KAR 8:030 §4(2)(a), or an **implied right to extract coal by surface mining methods** created by Kentucky's law governing "the surface-subsurface legal relationship" between mineral and surface owners, *see* 30 U.S.C. §1260(b)(6)(C) and its Kentucky regulatory counterpart, 405 KAR 8:030 §4(2)(c). Judge Sweitzer concluded that this permit revision cured Premier Elkhorn's prior failure to establish its right to extract coal from Tract 46 by surface mining methods. In doing so, Judge Sweitzer: (1) misinterpreted 30 U.S.C. § 1260(b)(6)(C); (2) failed to apply Kentucky's "Broad Form Deed Amendment," *Ky. Const.* § 19(2), as the controlling state law for determining "surface-subsurface legal relationship" between owners of Kentucky mineral and surface estates; (3) unlawfully adjudicated the state-law property rights dispute between Johnson LLC and Premier Elkhorn; and (4) unlawfully gave effect to Kentucky's proposed state program amendment on the issue even though the Secretary has yet to approve the measure, in violation of 30 C.F.R. § 732.17(g).

Johnson LLC seeks now judicial review and vacatur of Judge Sweitzer's erroneous decision, together with reinstatement of the cessation order.

## JURISDICTION AND VENUE

1.      Johnson LLC invokes the jurisdiction of this Court pursuant to 30 U.S.C. § 1276(a)(2), which provides, among other things, that any decision of the Secretary in a proceeding pursuant to the Surface Mining Control and Reclamation Act of 1977 ("SMCRA") which is required to be conducted pursuant to 5 U.S.C. § 554 shall be subject to judicial review in the United States District Court for the district in which the surface coal mining operation is located, on or before 30 days from the date of such order or decision.

2.      Judge Sweitzer's decision is a "decision issued by the Secretary" in "a proceeding required to be conducted pursuant to 5 U.S.C. § 554" because the proceeding below constituted administrative review of the termination of a cessation order that OSMRE issued pursuant to 30 U.S.C. § 1271(a)(2) and SMCRA expressly makes any such proceeding "subject to section 554 of Title 5." *See* 30 U.S.C. § 1275(a)(1) and (a)(2).

3.      Pursuant to 43 C.F.R. § 4.21(a)(3), (b)(4), and (c), Judge Sweitzer's decision became final agency action subject to judicial review on January 15, 2016, when the Interior Board of Land Appeals failed to act on Johnson LLC's timely-filed petition for a stay of Judge Sweitzer's decision within 45 calendar days of the expiration of time for filing a notice of appeal from that decision.

4.      Alternatively, Johnson LLC invokes the jurisdiction of this Court pursuant to 5 U.S.C. §§ 702 and 703 and 28 U.S.C. § 1331 for the purpose of obtaining judicial review of final agency action which, if not reviewable pursuant to 30 U.S.C. § 1276(a)(2), is not susceptible to other adequate remedy in a court.

3

5.      This Court is the statutorily designated venue for this action for judicial review because both Tract 46 and the surface coal mining operations that Premier Elkhorn proposes to conduct on that land are located in Pike County, Kentucky, within the geographical jurisdiction of this Court.

## PARTIES

6.      Plaintiff Johnson LLC is a limited liability company organized under the laws of the Commonwealth of Kentucky on March 5, 2014 and has five sibling members: Phillip Johnson, Berneice Johnson, Justin Johnson, Wanda Elswick, and Jewell Akers.

7.      Johnson LLC owns an undivided 62.5% interest in the surface of Tract 46, an approximately 450-acre tract of land located along Bob's Branch in Virgie, Kentucky.

8.      Sally Jewell is the Secretary of the Interior.

9.      Pursuant to 30 U.S.C. § 1211(c) the Secretary has the duty, among other things, to (a) administer the programs for controlling surface coal mining operations which SMCRA requires, (b) make those investigations and inspections necessary to insure compliance with SMCRA, (c) conduct hearings as provided for in SMCRA, and (d) order the suspension, revocation, or withholding of any permit for failure to comply with any of the provisions of SMCRA or its implementing rules and regulations.

## CAUSE OF ACTION

10.      Judge Sweitzer's decision to uphold OSMRE's termination of the cessation order is arbitrary, capricious, an abuse of discretion, or otherwise inconsistent with law because:

a.      OSMRE may lawfully terminate a cessation order only if "the condition, practice, or violation" that prompted issuance of the order "has been abated," 30 U.S.C. §1272(a)(2);

b.      the condition, practice, or violation that prompted issuance of the instant cessation order is Premier Elkhorn's failure to obtain a valid mining permit to extract coal from Tract 46 by surface mining methods;

c.      Kentucky approved Minor Revision #3 to Premier Elkhorn's mining permit by unlawfully determining that the application demonstrated the right to extract coal by surface mining methods under Kentucky's counterpart to 30 U.S.C. § 1260(b)(6)(C) codified at 405 KAR 8:030 Sec. 4(2)(c); and

d.      Judge Sweitzer's decision that Premier Elkhorn had met the requirements of 30 U.S.C. § 1260(b)(6)(C) and 405 KAR 8:030 Sec. 4(2)(c) erroneously interprets 30 U.S.C. § 1260(b)(6)(C).

11.      Judge Sweitzer's decision to uphold OSMRE's termination of the cessation order is also arbitrary, capricious, an abuse of discretion, or otherwise inconsistent with law because:

a.      as a matter of law, the Broad Form Deed Amendment, Ky. Const. § 19(2), and SMCRA, taken together, prohibit Kentucky from approving any application for a permit authorizing extraction of coal from Tract 46 without the written consent of Johnson LLC;

b.      the administrative record establishes that Johnson LLC has not provided written consent to the extraction of coal from Tract 46 by surface mining methods; and

c.      therefore, the condition, practice, or violation that prompted OSMRE to issue the cessation order has not been abated.

12.      Judge Sweitzer's decision to uphold OSMRE's termination of the cessation order is also arbitrary, capricious, an abuse of discretion, or otherwise inconsistent with law because:

5

a.       both SMCRA and Kentucky precedent forbid the SMCRA regulatory authority from adjudicating any property rights dispute pertinent to a pending application for an initial or revised mining permit.  30 U.S.C. § 1260(b)(6)(C) (". . . nothing in this Act shall be construed to authorize the regulatory authority to adjudicate property rights disputes"); see also *Kentucky Southern Coal Corp. v. Kentucky Energy and Environment Cabinet*, 396 S.W.3d 804, 808 (Ky. 2013) ("When a bona fide dispute exists regarding an applicant's legal right of entry, the Cabinet cannot grant a permit renewal");

b.       there is a dispute, before both the Secretary and this Court, over whether Premier Elkhorn has the right to extract coal by surface mining methods on Tract 46 over the objection of Johnson LLC;

c.       in approving Minor Revision #3 to Premier Elkhorn's permit despite this dispute, Kentucky unlawfully adjudicated the property rights dispute at issue;

d.       in terminating the cessation order based on the approval of Minor Revision #3, OSMRE failed to correct Kentucky's unlawful adjudication of the property rights' dispute and at the same time unlawfully adjudicated that dispute itself; and

e.       in upholding OSMRE's termination of the cessation order, Judge Sweitzer also unlawfully adjudicated the property rights dispute at issue.

13.       Alternatively, Judge Sweitzer's decision is arbitrary, capricious, an abuse of discretion, or otherwise inconsistent with law because:

a.       in terminating the cessation order, OSMRE unlawfully allowed Kentucky to effectuate the contested provisions of a pending, unapproved amendment to Kentucky's state regulatory program for implementing SMCRA, despite the requirement

of 30 C.F.R. § 732.17(g) that no change to laws or regulations that make up an approved

state program shall take effect until the Secretary has approved the change; and

      b.     Judge Sweitzer's decision unlawfully gives effect to the same proposed

but unapproved state program amendment.

14.     In addition, Judge Sweitzer's decision lacks the support of substantial evidence on

the record made before the Secretary because:

      a.     in light of the prohibition on adjudication set forth in 30 U.S.C. §

1260(b)(6)(C), a permit applicant who wishes to satisfy 30 U.S.C. § 1260(b)(6)(C) and

405 KAR 8:030 Sec. 4(2)(c) must submit to the regulatory authority a final, unappealable

adjudication by a court of competent jurisdiction holding that Kentucky's state law

governing the "surface-subsurface legal relationship" between surface owners and

mineral owners authorizes the permit applicant to extract coal by surface mining methods

from all land where the permit applicant's right to do so is in dispute; and

      b.     the administrative record made before the Secretary in this matter does not

include a final, unappealable adjudication by a court of competent jurisdiction declaring

that Premier Elkhorn has, pursuant to Kentucky's law governing the "surface-subsurface

legal relationship," the right to extract coal from Tract 46 by surface mining methods.

## <u>REQUEST FOR RELIEF</u>

WHEREFORE, Johnson LLC requests that the Court grant the following relief:

A.     An order (1) vacating Judge Sweitzer's decision to uphold OSMRE's termination

of the cessation order, (2) directing the Secretary to require OSMRE to reinstate the cessation

order, and (3) directing the Secretary to refrain from terminating the cessation order in the future

unless and until Premier Elkhorn first obtains and submits to Kentucky a final, unappealable

judicial order declaring that, pursuant to Kentucky law governing the interpretation of mineral severance instruments, the company has legal authority to extract coal from Tract 46 by surface mining methods;

      B.      An award of costs and expenses (including attorney fees) that Johnson LLC has reasonably incurred in bringing and prosecuting this action; and

      C.      Such other and further relief as statutes may authorize or as the Court may deem just and proper.

          Respectfully Submitted,

          /s/ Mary Varson Cromer
          Mary Varson Cromer

          Mary Varson Cromer
          Appalachian Citizens' Law Center, Inc.
          317 Main Street
          Whitesburg, Kentucky 41858
          Telephone: 606.633.3929
          Facsimile: 606.633.3929
          mary@appalachianlawcenter.org

          Joe F. Childers
          Bethany N. Baxter
          JOE F. CHILDERS & ASSOCIATES
          The Lexington Building
          201 West Short Street
          Suite 300
          Lexington, Kentucky 40507
          Telephone: 859.253.9824
          Facsimile:  859.258.9288
          childerslaw81@gmail.com

          ATTORNEYS FOR PLAINTIFF

8