UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | |
|---|---|
| M.L. JOHNSON FAMILY PROPERTIES, LLC, <br><br> Plaintiff, <br><br> v. <br><br> DAVID BERNHARDT, Secretary of the Interior, <br><br> Defendant, <br><br> And <br><br> PREMIER ELKHORN COAL LLC, <br>     Defendant-Intervenor. | CIVIL ACTION NO. 7:16-6-KKC-EBA <br><br><br> OPINION AND ORDER |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on motions for attorneys' fees. Plaintiff M.L. Johnson Family Properties, LLC ("Johnson") brought suit in this Court, seeking judicial review of an administrative decision. (DE 1.) The Court affirmed the underlying administrative decision, denied Johnson's summary judgment motion, and granted summary judgment for Defendant David Bernhardt[1], Secretary of the Interior, and Defendant-Intervenor Premier Elkhorn Coal LLC ("Elkhorn"). (DE 85; DE 86.) Johnson appealed. (DE 91.) The United States Court of Appeals for the Sixth Circuit affirmed this Court's ruling. *M.L. Johnson Family Properties, LLC v. Bernhardt*, 924 F.3d 842 (2019). Following the decision of the Sixth Circuit, both

---

[1] Although Johnson's complaint named Sally Jewell, Secretary of the Interior, as Defendant (DE 1), pursuant to Federal Rule of Civil Procedure 25(d), a public officer's successor may be automatically substituted as a party.

1

Johnson and Elkhorn filed motions for attorneys' fees.  (DE 119; DE 120.)  For the reasons stated below, the Court denies both Johnson's and Elkhorn's motions.

## I. Factual and Procedural Background[2]

The owners of Tract 46—a plot of land in Pike County, Kentucky—disagree over the mining of the land's coal.  One cotenant, Pike Letcher Land Company, conveyed a right to enter and surface mine coal to its affiliate entity, Defendant-Intervenor Elkhorn.  Kentucky approved Elkhorn's permit to surface mine.

In a separate litigation, Johnson successfully challenged the permit.  It filed suit in this Court, alleging that Elkhorn's permit was invalid under the Surface Mining Control and Reclamation Act of 1977 ("SMCRA"), and the Court ordered the mining operations to stop, pending an inspection by the Secretary of the Interior.  The Office of Surface Mining Reclamation and Enforcement ("OSMRE"), an arm of the Secretary, ultimately found the permit invalid and issued a cessation order prohibiting Elkhorn from continuing to surface mine Tract 46.  Elkhorn then revised its permit, curing the problems that OSMRE identified through its inspection.  The Kentucky Energy and Environment Cabinet, which administers Kentucky's mining regulatory program pursuant to SMCRA's cooperative framework, agreed that Elkhorn's right to surface mine complied with the applicable subsection of the statute and approved the revised permit.  Following that determination, the OSMRE terminated the cessation order, allowing Elkhorn to continue surface mining.

Johnson challenged the termination decision through the Department of the Interior's administrative process, but on October 30, 2015, an administrative law judge ("ALJ") upheld

---

[2] The legal and procedural background in this case is detailed in the Court's prior ruling on the parties' motions for summary judgment (DE 85) and in the Sixth Circuit's opinion affirming that ruling on appeal, *Johnson*, 924 F.3d.

the termination decision. On November 23, 2015, Johnson appealed the ALJ's decision before the Interior Board of Land Appeals ("IBLA").

While its appeal in front of the IBLA was pending, Johnson sought judicial review of the ALJ's decision in this Court on January 15, 2016. (DE 1.) Johnson did so pursuant to 30 U.S.C. § 1276(a)(2), which subjects certain Secretary-issued orders and decisions to judicial review. *See* 30 U.S.C. § 1276(a)(2). Thereafter, the Secretary moved for judgment on the pleadings (DE 35), while Elkhorn intervened (DE 11) and moved to dismiss the complaint for lack of subject-matter jurisdiction (DE 36). Both motions argued that the Court lacked jurisdiction to review the ALJ's decision because Johnson had not yet obtained a final decision and therefore, had not properly exhausted its administrative remedies. (DE 35-1 at 5-7; DE 36-1 at 4-8.) On February 15, 2017, the Court denied the defendants' motions, concluding that the Court had subject-matter jurisdiction because Johnson had "exhausted its remedies to the extent the agency's regulations require." *M.L. Johnson Family Properties, LLC v. Jewell*, 237 F. Supp. 3d 528, 548 (E.D. Ky. 2017). The Sixth Circuit affirmed. *Johnson*, 924 F.3d at 848-49.

On March 21, 2018, the Court ruled on the parties' motions for summary judgment. (DE 85; DE 86.) The Court found that the ALJ's decision was not arbitrary, capricious, or in violation of the law, and granted summary judgment for the Secretary and Elkhorn. (DE 85 at 27.) The Sixth Circuit affirmed that ruling on May 15, 2019. *Johnson*, 924 F.3d at 856.

Despite the outcome, on November 4, 2019, Johnson filed a motion for attorneys' fees and nontaxable expenses, requesting the Secretary to pay a portion of the costs and expenses incurred in connection with the judicial review proceeding. (DE 119.) Elkhorn subsequently filed a motion for attorneys' fees incurred during the same proceeding. (DE 120.) Both parties filed their motions pursuant to 30 U.S.C. § 1275(e).

## II. Analysis

Although "under the American Rule . . . each party bears its own fees[,] Congress has . . . carved out specific exceptions to the rule." *Griffin Indus., Inc. v. U.S. E.P.A.*, 640 F.3d 682, 685 (6th Cir. 2011) (internal citations omitted). Some of these exceptions "allow the award of fees to any party whenever the court or agency determines an award to be appropriate"—known as "'whenever appropriate' statutes." *W. Va. Highlands Conservancy, Inc. v. Norton*, 343 F.3d 239, 244 (4th Cir. 2003). A court should not award fees under a "whenever appropriate" statute unless the claimant achieved "some degree of success on the merits." *Ruckelshaus v. Sierra Club*, 463 U.S. 680, 693-94 (1983). While the "requisite success" must "be more than 'trivial' or 'purely procedural,' . . . the court awarding the fees should not become mired in details such as whether the success is 'substantial' or on a 'central issue.'" *Sierra Club v. E.P.A.*, 769 F.2d 796, 800 (D.C. Cir. 1985) (citing *Ruckelshaus*, 463 U.S. at 688 n.9).

"SMCRA's fee-shifting provision, 30 U.S.C. § 1275(e), which is before us today, fits in th[is] 'whenever appropriate' category." *Norton*, 343 F.3d at 244. 30 U.S.C. § 1275(e) provides:

> Whenever an order is issued under this section, or as a result of any administrative proceeding under this chapter, at the request of any person, a sum equal to the aggregate amount of all costs and expenses (including attorney fees) as determined by the Secretary to have been reasonably incurred by such person for or in connection with his participation in such proceedings, including any judicial review of agency actions, may be assessed against either party as the court, resulting from judicial review or the Secretary, resulting from administrative proceedings, deems proper.

30 U.S.C. § 1275(e) (codifying section 525 of the SMCRA).

### A. Plaintiff's Motion

Johnson first argues that the court should award it fees because it "achieved 'some degree of success on the merits'" by securing Elkhorn's agreement to provide 60 days' notice

4

before Elkhorn would resume mining Tract 46. (DE 119-2 at 8.) Proof of this promised notice period seemingly appears as a statement within a minute entry for a status conference, during which Elkhorn "averred that it has no immediate plans to begin mining on Tract 46" and that "[i]n the event that Premier Elkhorn decides to begin mining Tract 46, Premier Elkhorn stated that it would provide the Court and Plaintiff M.L. Johnson with notice thirty days prior to the beginning of any mining operations." (DE 76; *see also* DE 129 at 8-9.)

There is no basis on which the Court could find that a mere statement[3] might constitute success on the merits. Attempting to support this position, Johnson claims that *M.L. Johnson Family Properties, LLC*, 195 IBLA 1 (2019) is "*res judicata* with respect to the issue of Johnson's achievement of success on the merits in opposing termination of OSMRE's cessation order." (DE 119-2 at 8.)[4]  It is unclear how that administrative decision is instructive here. As the IBLA found, by vacating—solely on jurisdictional grounds—a prior ALJ order that terminated the cessation order, the IBLA effectively sustained the cessation order; thus, "even though the Board did not reach the merits of the legal arguments made by Johnson, the fact that mining continued to be prohibited on Tract 46 *as a result of our order* is consistent with the relief sought by Johnson: the prevention of mining." *Id.* at 8 (emphasis added).[5]  Here, Johnson can identify no similar order carrying the force of law, issued by a

---

[3] Johnson suggests that it obtained this statement "in lieu of pursuing a contested motion for 'temporary relief' pursuant to 30 U.S.C. § 1276(c)." (DE 119-2 at 8.) Even if that were true, that additional context should not compel a different conclusion here because, in the very least, it is not obvious—and Johnson does not attempt to establish—that a favorable ruling on a petition for temporary relief under § 1276(c) would constitute sufficient success on the merits for *Ruckelshaus* purposes. Accordingly, Elkhorn's statement does not become something more simply because that statement was given under the threatened pursuit of a "contested motion."

[4] Notably, that administrative decision, concerning these same parties and this same plot of land, is from a *separate* litigation track.

[5] The IBLA still ultimately denied Johnson's motion for attorneys' fees because Johnson had not sufficiently shown that it "substantially contributed to a full and fair determination of the issues." *Johnson*, 195 IBLA at 9. And, in any event, this Court denied Johnson's motion to consolidate this separate litigation with the instant action for the purpose of deciding the motions for attorneys' fees, finding that "the two matters present distinct factual circumstances and legal questions." (DE 110 at 4.)

5

court, in this immediate litigation, that granted it similar "partial success" that was "consistent with the relief sought." *Id.* Forced to rely on Elkhorn having "*voluntarily* agreed to forego further mining," Johnson has no effective response to the Secretary's charge that "nothing *in this case* extended the life of OSMRE's cessation order." (DE 134 at 2-3 (emphasis added).) Johnson's references to the "voluntary interlocutory relief" (DE 134 at 1) and "*de facto* interlocutory injunction" (DE 134 at 2) are thin lexical veils over reality. Johnson cannot prove victory on the merits of *this* litigation sufficient to satisfy the applicable standard.

Johnson next argues that its "successful defense of this Court's statutory authority to conduct judicial review separately satisfies the 'whenever appropriate' standard." (DE 119-2 at 9.) Johnson is seemingly referencing the Court's prior denials of the Secretary's motion for judgment on the pleadings and Elkhorn's motion to dismiss for lack of subject-matter jurisdiction (DE 45), and, perhaps also, the Sixth Circuit's later affirmance that Johnson had exhausted its administrative remedies before filing the action in federal court, *see Johnson*, 924 F.3d at 848-49.[6] Johnson insists that "justiciability of an action is the most fundamental claim of merit that a litigant makes" (DE 119-2 at 9); that judicial review of an ALJ's decision "would have had no 'merit' at all" had Johnson not, as the Department of the Interior's

---

[6] The jurisdictional issue arose because Johnson "filed this suit while still involved in a related agency action." (DE 45 at 1.) "SMCRA unambiguously requires resort to the prescribed administrative review process before a party may seek judicial review." *Johnson*, 924 F.3d at 848 (internal citation and quotation marks omitted). As introduced above, after Elkhorn revised its permit, the OSMRE terminated the cessation order, which the ALJ upheld. Johnson appealed the ALJ's decision to the IBLA and simultaneously asked the IBLA to stay the decision pending resolution of the appeal. (DE 45 at 2.) Pursuant to 43 C.F.R. § 4.21(b)(4), "the Appeals Board shall grant or deny a petition for a stay pending appeal . . . within 45 calendar days of the expiration of the time for filing a notice of appeal." Johnson waited 45 days after the deadline for taking an appeal and, the IBLA having not yet taken any action, brought suit in this Court against the Secretary. (DE 45 at 2-3.) On February 15, 2017, the Court issued an Opinion and Order finding that it had subject-matter jurisdiction over the case because Johnson had "exhausted its remedies to the extent the agency's regulations require." (DE 45 at 32-33.) The Sixth Circuit affirmed, noting that "the ALJ's decision, even though pending appeal before the agency, became 'final,' according to 43 C.F.R. § 4.21(c)" and that Johnson had "exhausted its administrative remedies to the extent required by SMCRA." *Johnson*, 924 F.3d at 849.

6

regulations require, pursued the administrative review process until that decision became final and subject to judicial review (DE 134 at 4-5); and that "this Court's decision to reject the Secretary's motion for judgment on the pleadings was a decision 'on the merits' of Johnson's action." (DE 134 at 5).

These contentions are unavailing. Contrary to Johnson's suggestion (*see* DE 119-2 at 9), just because a litigant *must* establish subject-matter jurisdiction does not necessarily mean that, having done so, it has achieved any merits victory in the prosecution of its claim. If "a federal court lacking subject-matter jurisdiction is powerless to render a judgment on the merits," how could a ruling on whether the court has jurisdiction simultaneously reach the merits of the claim? *Thompson v. Love's Travel Stops & Country Stores, Inc.*, 748 F. App'x 6, 11 (6th Cir. 2018). Moreover, in dismissing a case for lack of subject-matter jurisdiction, a court, "by definition[,] lacks power to reach the merits of the case." *Revere v. Wilmington Fin.*, 406 F. App'x 936, 937 (6th Cir. 2011).[7] It is enough for present purposes that the Sixth Circuit characterized the question of administrative exhaustion as an antecedent and separate issue to the merits of Johnson's arguments.[8] That characterization is sufficient to bind this Court.

Johnson further contends that, by establishing subject-matter jurisdiction, it achieved success on the merits because Johnson "contributed to the proper implementation and administration of the Secretary's statutory duty to conduct administrative and judicial review in a manner that will 'assure that appropriate procedure are provided for the public

---

[7] Even if the Court accepted Johnson's argument, Johnson would still need to show more because under *Ruckelshaus*, a litigant's success on the merits must be at least more than "trivial" to "justify an award of fees under statutes setting out the when 'appropriate' standard." 463 U.S. at 688 n.9.

[8] The law does not require the Court to "conduct[] a 'lengthy inquiry into the question [of] whether a particular party's success was 'substantial' or occurred on a 'central issue.'" *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 255 (2010) (quoting *Ruckelshaus*, 463 U.S. at 688 n.9) (brackets and some internal quotation marks omitted).

7

participation in the . . . enforcement of regulations established by the Secretary' under SMCRA, 30 U.S.C. § 1202(i)." (DE 119-2 at 11.) Additionally, Johnson argues that it "has ensured that the Secretary did not and will not hereafter indefinitely postpone judicial review of agency action pursuant to SMCRA." (DE 119-2 at 11.) This cannot be what *Ruckelshaus* meant by "success on the merits," and the cases which Johnson cites fail to establish this premise.

In *Norton* (DE 119-2 at 9), the Fourth Circuit affirmed the district court's fee decision "to the extent the court concluded that [the litigant] achieved some success because the *Board-ordered remand* advanced SMCRA's goals by requiring OSM to fulfill its duty to give proper consideration to citizen complaints," noting that "the Board-ordered remand was . . . necessary to make sure that OSM properly fulfilled its duties under SMCRA." 343 F.3d at 242, 247 (emphasis added). Even if this Court accepted *Norton* as persuasive precedent here, the relevant precedent would be that "advanc[ing] an important statutory goal is sufficient success on the merits to establish eligibility for an award of fees" when the litigant has done so through a tangible victory on the merits, such as securing "[a]n administrative remand." *Id.* at 247. The Fourth Circuit's decision in *West Virginia Highlands Conservancy, Inc. v. Kempthorne*, 569 F.3d 147, 154 (4th Cir. 2009) (DE 119-2 at 10) echoes this same principle.[9] But here, Johnson secured no remand, order, or other directive to the OSM.

The Ninth Circuit's decision in *Black Mesa Water Coalition v. Jewell* (DE 119-2 at 10) is also easily distinguishable. 776 F.3d 1055 (9th Cir. 2015). The fee claimant in that case raised the same argument under which another party in the same, consolidated administrative action prevailed. *Black Mesa*, 776 F.3d at 1059-60. The court held that this

---

[9] In *Kempthorne*, the Fourth Circuit found that "it is enough here that the IBLA ordered OSM to carry out one of its regulatory duties." 569 F.3d at 154. As that Court explained, "[O]btaining a remand that requires an agency to perform a regulatory duty represents the achievement of some success on the merits." *Id.* There was no such merits victory for Johnson here.

8

was enough to find that the fee claimant had participated in proceedings that achieved some degree of success on the merits; the ALJ had only dismissed the fee claimant's motion as moot because the other party secured relief that "was congruent with the relief that [the fee claimant] sought." *Id.* at 1060. In doing so, the court explained:

> "[W]e do not think it is correct to say that whenever the agency dismisses one party's motion as moot because the relief it requested was already granted upon another party's motion, then the former party's enjoyment of relief gained on motion of another means that it achieved no success on the merits."

*Id.* Johnson has no viable claim that these principles could or should apply to the facts here.

Finally, in *New Jersey v. E.P.A.* (DE 119-2 at 10), the fee claimant—an intervenor in the underlying litigation—achieved some success on the merits because it "offered two substantial arguments . . . [which] petitioners lacked standing to make," giving the D.C. Circuit "alternative bases for resolving the case." 663 F.3d 1279, 1281 (D.C. Cir. 2011). Petitioners in that case successfully challenged EPA rules regulating mercury emissions, and the court vacated the rules. *Id.* at 1280. The court noted that "had [it] not disposed of the case on the basis of petitioners' contentions, the [intervenor's] arguments . . . would . . . have contributed importantly to the administration of the [law]." *Id.* at 1283. (internal citation and quotation marks omitted). Here, Johnson cannot claim a hypothetical alternative where its arguments would have led to success on the merits because its arguments *were* taken under consideration and actually *failed* on the merits.

Because the Court finds that Johnson has not demonstrated that it achieved some success on the merits, it will not address whether the fees that it requested were reasonable. Accordingly, Johnson's motion for attorneys' fees is DENIED.

### B. Defendant-Intervenor's Motion

In its fee motion, Elkhorn argues that the Court should award it fees because it "successfully defended against Plaintiff's SCMRA proceedings at every stage" and "was

9

required to defend its mining rights against Plaintiff's repetitive but persistently unsuccessful challenges." (DE 120 at 5.) Elkhorn therefore asserts that "an award of attorneys' fees is especially 'appropriate' in this case because Plaintiff's five years of successive, unsuccessful multi-forum attempts to deny Premier Elkhorn its lawful right to mine the coal it owned deprived it of critically necessary revenue." (DE 120 at 6.) Elkhorn also contends that "[t]he plain text of [30 U.S.C. § 1275(e)] does not limit the Court's discretionary authority to determine when a fee award is 'proper'" and "does not require a showing that a citizen suit be brought in bad faith or to harass the permittee in order to support a prevailing permittee's fee award." (DE 135 at 3.)

Purporting to "take[] no position on [Elkhorn's] request for attorneys' fees and costs," the Secretary filed a response to Elkhorn's motion "solely to clarify the appropriate standards for recovering attorneys' fees and costs under . . . 30 U.S.C. § 1275(e)." (DE 128 at 1.) The Secretary argues that "where a defendant is seeking fees, the court should exercise its discretion to award fees only in instances where plaintiffs have brought a bad faith or harassing action." (DE 128 at 2-3.) Johnson similarly argues that "a defendant has a high bar for establishing eligibility for an award of attorney's fees and costs against the Plaintiff," placing the threshold at a showing of "bad faith." (DE 126 at 2.)

The question here is not whether Elkhorn has satisfied the precondition from *Ruckelshaus* that it "attain some success on the merits before it may receive an award of fees." 463 U.S. at 693. The parties do not dispute that it has. Instead, the question is whether 30 U.S.C. § 1275(e) constrains the Court's discretion to award fees to a defendant by requiring a defendant to make some further, specific showing.

"In matters of statutory interpretation, we look first to the text and, if the meaning of the language is plain, then the sole function of the courts—at least where the disposition required by the text is not absurd—is to enforce it according to its terms." *Tree of Life*

10

*Christian Schs. v. City of Upper Arlington*, 905 F.3d 357, 367 (6th Cir. 2018) (internal citations and quotation marks omitted). Simply put, "[t]he plain meaning of the statute controls[.]" *Mitchell v. Chapman*, 343 F.3d 811, 825 (6th Cir. 2003).

In and of itself, section 1275(e)'s plain language seemingly does not constrain a court's discretion to award attorneys' fees to a defendant, only directing the court to "deem[]" what is "proper." However, here, the Court need not determine whether the statute constrains its discretion because, even if the Court's discretion were so unconstrained, the Court would not, in its discretion, deem an award of attorneys' fees to Elkhorn as proper. SMCRA's citizen provision is "intended to allow the courts to provide the traditional remedy of reasonable counsel fee awards to private citizens who go to court to insure that the act's requirements are being met."[10] H.R. REP. NO. 95-218, at 90 (1977). But this instant action does not implicate the same interest in protecting citizen suits. At bottom, this litigation concerns a business dispute between companies; it does not involve private citizens or non-profit advocacy groups seeking to invoke environmental protection laws. As such, this Court finds that awarding attorneys' fees and costs to Elkhorn is not appropriate. Therefore, Elkhorn's motion for attorneys' fees is DENIED.

---

[10] This action is not a SMCRA citizen suit but an action for review of an administrative decision. (DE 1 at 3.) SMCRA's citizen suit provision allows "any person having an interest which is or may be adversely affected [to] commence a civil action on his own behalf to compel compliance with this chapter" against, *inter alia*, the United States or the Secretary. 30 U.S.C. § 1270(a). Section 1270(d) provides that, "[t]he court, in issuing any final order in any action brought pursuant to subsection (a) of this section, may award costs of litigation (including attorney and expert witness fees) to any party, whenever the court determines such award is appropriate." 30 U.S.C. § 1270(d). Courts analyze sections 1270(d) and 1275(e) under the same standards. *See Ruckelshaus*, 463 U.S. at 682 n.1 (identifying § 1270(d) as a statutory provision that applies the "whenever . . . appropriate" standard); *Norton*, 343 F.3d at 244-45 (identifying § 1275(e) as applying the same).

11

### III. Conclusion

The Court hereby ORDERS as follows:

1. Plaintiff M.L. Johnson Family Properties, LLC's motion for attorneys' fees (DE 119) is DENIED; and

2. Defendant-Intervenor Premier Elkhorn Coal LLC's motion for attorneys' fees (DE 120) is DENIED.

Dated October 16, 2020

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY